Eugene G. Iredale: SBN 75292
email: egiredale@iredalelaw.com
Julia Yoo: SBN 231163
email: jyoo@iredalelaw.com
**IREDALE & YOO, APC**
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
(619) 233-1525
(619) 233-3221 Fax

Attorney for Plaintiff
Marisol Garcia Alcantara

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| MARISOL GARCIA ALCANTARA<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>        Defendants. | CASE NO.<br><br>1) Assault (Federal Tort Claims Act)<br>2) Battery (Federal Tort Claims Act)<br>3) Negligence (Federal Tort Claims Act) |

COMES NOW Plaintiff MARISOL GARCIA ALCANTARA, through her attorneys of record, Iredale and Yoo, APC, and alleges and complains as follows:

## I.
## GENERAL ALLEGATIONS

1.    This action is brought pursuant the Federal Tort Claims Act.

2.    Jurisdiction is based upon 28 U.S.C. §§1331, 1346(b), and 2670 (h).

3.    Pursuant to 28 U.S.C. §1391(b), venue is proper in the District of Arizona because the acts or omissions which form the basis of Plaintiff's claims occurred in Nogales, Arizona.

4.    Marisol Garcia Alcantara timely filed an FTCA Claim. That claim was denied on May 19, 2022.

## II.
## PARTIES

5.  At all times relevant to this complaint, the Department of Homeland Security was an agency of defendant UNITED STATES OF AMERICA, and was operated the U.S. BORDER PATROL.  It employed Supervisory Border Patrol Agent Jason Datillo and Border Patrol Agent Diego Ortega who were acting within the scope of their employment.

6.  At all times relevant to this complaint, Dattilo and Ortega were United States Border Patrol agents, officers, officials, and/or other agents of BORDER PATROL employed by the UNITED STATES OF AMERICA under the Department of Homeland Security.

7.  At all times relevant hereto, these defendants were acting in their professional capacity within the course and scope of their agency and/or employment, and/or were the agents, servants and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer, the UNITED STATES OF AMERICA.

- 2

### III.
### FACTS

8. On June 16, 2021, in Nogales, Arizona, Plaintiff Marisol Garcia Alcantara was a passenger located in a rear seat of a white KIA SUV with Arizona license plates. She was one of several passengers in the KIA. A Supervisory Border Patrol Agent named Jason Dattilo pulled in front of the KIA, which yielded.

9. Another Border Patrol Agent, Diego Ortega was following the KIA SUV in an unmarked car. Ortega was not in uniform. After the KIA came to a stop, Ortega rushed the driver, opened the driver's door and grabbed for the drivers's hands. Ortega's conduct resulted in the SUV going into reverse and causing the driver to be unable to properly control the vehicle for a matter of seconds. However, Ortega was never in danger of being struck by the KIA and in fact, never fell to the ground, struck against the side of the vehicle, or sustained any harm.

10. Dattilo fired a round from his 9 millimeter handgun into the rear passenger compartment of the KIA, striking Marisol Garcia in her head. Ms. Garcia was not the driver, and was seated in the rear passenger seat. She had said nothing, and had not resisted nor made any aggressive gesture or movement.  As a result of the shooting, she has bullet fragments in her head, and has suffered physical and mental hardship and pain, and is unable to maintain employment.

### FIRST CAUSE OF ACTION
### ASSAULT (FTCA)
### (By the Estate against DEFENDANT UNITED STATES OF AMERICA)

11. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

12. Jason Dattilo acted with an intent to cause apprehension of immediate harmful or offensive contact.

13. Dattilo's conduct involved the use of deadly force entirely unjustified by the circumstances.

14. Marisol Garcia reasonably believed that she was going to be physically contacted in a harmful or offensive manner.

15. The actions of Dattilo have proximately, foreseeably, and actually caused Marisol Garcia to suffer emotional distress, pain and suffering, physical injury and disability, intense headaches and loss of capacity.

16. DEFENDANT the UNITED STATES OF AMERICA is responsible for the conduct of Dattilo under the Federal Tort Claims Act.

## SECOND CAUSE OF ACTION
### BATTERY (FTCA)
### (Against DEFENDANT UNITED STATES OF AMERICA)

17. Plaintiffs reallege all prior paragraphs of this complaint and incorporate by reference foregoing paragraphs as if fully set forth herein.

18. Dattilo acted with an intent to cause harmful and/or offensive bodily contact when he shot Ms. Garcia. His use of deadly force was precipitous, reckless and unjustified.

19. The harmful and offensive bodily contact did in fact occur.

20. The harmful or offensive contact was not privileged, and it was not consented to by Ms. Garcia.

21. Dattilo's harmful and offensive contact was not reasonable, and caused physical pain and injury to Ms. Garcia Alcantara.

22. Dattilo proximately, foreseeably, and actually caused Ms. Garcia to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.

23. DEFENDANT the UNITED STATES OF AMERICA is responsible for the conduct of Dattilo under the Federal Tort Claims Act.

- 4

## THIRD CAUSE OF ACTION
### NEGLIGENCE (FTCA)
### (Against DEFENDANT UNITED STATES OF AMERICA)

24. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

25. Dattilo had a duty to Ms. Garcia to act with care and prudence so as not to cause harm or injury to her or other passengers of the SUV who presented no risk of harm and who were not resisting.

26. Dattilo's actions fell below the standard of care and breached his duties to Ms. Garcia.

27. Firing a bullet into a passenger compartment without due care or proper aim was a reckless, dangerous and life threatening act. It was reasonably foreseeable to Dattilo that he would strike a person who presented no threat of any kind, as he did.

28. As a direct and proximate result of Dattilo's negligent conduct as described herein, Ms. Garcia suffered injuries in an amount to be determined by proof at the time of trial.

29. Ortega's conduct in grabbing for the juvenile driver's hands before the car was in park was below the standard of care. By precipitously rushing the car and acting in a way that led to the car's movement, he acted negligently.

30. DEFENDANT UNITED STATES OF AMERICA is liable for the conduct of Dattilo under the Federal Tort Claims Act.

///
///
///
///
///
///

- 5

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment as follows:

1) For compensatory general and special damages in an amount in accordance with proof.

2) For reasonable costs of suit as permitted by law.

3) For any other relief that is just and proper.

DATED: November 10, 2022                    Respectfully submitted,

                                            **IREDALE AND YOO, APC**


                                            */s/ Eugene Iredale*
                                            **EUGENE G. IREDALE**
                                            Attorney for Plaintiff
                                            Marisol Garcia Alcantara

- 6