GARY M. RESTAINO
United States Attorney
District of Arizona
J. COLE HERNANDEZ
Assistant U.S. Attorney
Arizona State Bar No.  018802
405 W. Congress Street, Suite 4800
Tucson, Arizona  85701-5040
Telephone:  (520) 620-7300
Civil fax: (520) 620-7138
Email: cole.hernandez@usdoj.gov
*Attorneys for Defendant USA*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marisol Garcia Alcantara,<br><br>                    Plaintiff,<br><br>        vs.<br><br>United States of America,<br><br>                    Defendant. | **CV 22-00517-TUC-LCK**<br><br>**ANSWER TO COMPLAINT** |

Defendant United States of America answers Plaintiff Marisol Garcia Alcantara's Complaint (Doc. 1) as follows:

1.   Paragraphs 1 & 2 contain averments to jurisdiction to which no response is required. To the extent a response is required, at this time, Defendant denies the same.

2.   Paragraph 3 contains averments to venue to which no response is required.  To the extent a response is required, at this time, Defendant denies the same.  Defendant also specifically denies that the acts or omissions occurred as alleged in Plaintiff's Complaint.

3.   Upon information and belief, at this time, Defendant admits the allegations in paragraph 4.

4.   In answer to paragraph 5, Defendant clarifies that Department of Homeland Security ("DHS") is a department of the United States of America and U.S. Border Patrol is a component of DHS.  Upon information and belief, Defendant admits the allegations in the second sentence of paragraph 5 only as to June 16, 2021.  Defendant reserves the

right to amend or supplement should additional information make the response subject to clarification.

5.    In answer to paragraph 6, Defendant admits only that Agents Dattilo and Ortega were employees of the United States on June 16, 2021; otherwise, denied.

6.    Paragraph 7 contains legal conclusion and averments to jurisdiction to which no response is required.  To the extent a response is required, at this time, Defendant denies the same other than the specific admission stated in response to paragraph 6 above.

7.    In answer to paragraphs 8, 9 & 10, at this time, Defendant admits only that on June 16, 2021, Plaintiff was a passenger in the rear seat of a Kia in Nogales, Arizona and that during an incident involving Agent Dattilo, Agent Datillo discharged one round from his service weapon injuring Plaintiff.  At this time, the remaining allegations in the paragraphs are denied.

8.    In answer to paragraph 11, Defendant incorporates its responses to paragraphs 1-10.

9.    Defendant denies the allegations contained in paragraphs 12-15.

10.   In answer to paragraph 16, at this time, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore, denies the same.

11.   In answer to paragraph 17, Defendant incorporates its responses to paragraphs 1-16.

12.   Defendant denies the allegations contained in paragraphs 18-22.

13.   In answer to paragraph 23, at this time, Defendant is without sufficient knowledge and information to admit or deny the allegations and therefore, denies the same.

14.   In answer to paragraph 24, Defendant incorporates its responses to paragraphs 1-23.

15.   In answer to paragraph 25, at this time, Defendant admits only that it owed Plaintiff the duties set out by state and federal law.

16.   Defendant denies the allegations contained in paragraphs 26-29.

17.   In answer to paragraph 30, at this time, Defendant is without sufficient knowledge

and information to admit or deny the allegations and therefore, denies the same.

18. In answer to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to damages, costs or any other relief requested.

19. All allegations not expressly admitted herein are denied.

20. Defendant affirmatively alleges that:

    a. The use of force is presumed to be justified under A.R.S. § 12-716;

    b. The use of force was justified under A.R.S. §§ 13-404, 13-405, and 13-406;

    c. The use of force was justified under A.R.S. §§ 13-409 and 13-410;

    d. One or more of Plaintiff's claims are barred by A.R.S. § 12-712(A);

    e. Plaintiff failed to state a claim;

    f. Plaintiff's claims may be barred by 28 U.S.C. § 2401(b) to the extent Plaintiff failed to properly exhaust administrative remedies as to claims that have been or could be asserted;

    g. Plaintiff, or one or more non-parties, may be comparatively at fault for Plaintiff's injuries;

    h. Plaintiff's damages, if any, should be reduced to the extent Plaintiff failed to mitigate her damages;

    i. Recovery, if any, should be restricted to damages allowed by Federal/Arizona statutory or common law;

    j. The United States is entitled to an offset against damages for benefits paid by the federal government;

    k. The United States is not liable for pre-judgment interest under 28 U.S.C. § 2674; and,

    l. Defendant reserves the right to raise any additional affirmative defenses that may become apparent during the course of discovery.

WHEREFORE, Defendant requests that Plaintiff take nothing by her Complaint, that Defendant be awarded the costs and expenses incurred in defending this action; and, any other relief this Court deems appropriate.

Respectfully submitted this 17th day of July, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/J. Cole Hernandez*
J. COLE HERNANDEZ
Assistant U.S. Attorney
*Attorney for Defendant USA*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing:

Eugene G. Iredale, Esq.
Julia Yoo, Esq.
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
*Plaintiff's Attorneys*

*s/P. Vavra*
*Answer*

- 5 -