Eugene G. Iredale: SBN 75292
email: egiredale@iredalelaw.com
Chelsea Reherman: SBN 343446
email: creherman@iredalelaw.com
**IREDALE & YOO, APC**
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
(619) 233-1525
(619) 233-3221 Fax


Attorneys for Plaintiff
Marisol Garcia Alcantara

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| MARISOL GARCIA ALCANTARA<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO.  CV 22-00517-TUC-LCK<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE THE POST-ARREST HEARSAY STATEMENT OF LEOCADIO LIZARRAGA-CAZARES**<br><br>**Motion *in Limine* No. 1**<br><br>**Hon. Lynette C. Kimmins** |

Plaintiff Marisol Garcia Alcantara moves the Court to exclude the post-arrest, hearsay statement of Leocadio Lizarraga-Cazares, the front seat passenger at the time of the shooting.

On June 16, 2021, the day of the shooting, a Border Patrol agent questioned Leocadio Lizarraga-Cazares. Lizarraga was identified by the material witnesses as the guide. He was an experienced smuggler who led them into the United States to the point where they were picked up in a Kia Sorrento. Lizarraga then sat as the front seat passenger and gave periodic instructions to the juvenile driver of the Kia Sorrento, which held six undocumented migrants, including Marisol Garcia Alcantara. The United States has recently indicated an intention to seek to admit into evidence the statement of Mr. Lizarraga, without calling him as a witness. Plaintiff understands that Mr. Lizarraga was deported shortly after serving his sentence for the conviction involving a violation of 8 U.S.C. § 1324. The government seeks to admit Mr. Lizarraga's statement because in it he lays blame on the juvenile driver of the Sorrento Kia for the Sorrento's pulling out of its stationary position and his opinion that the agent's shooting was appropriate (or words to that effect).

There is substantial reason to question the accuracy of Mr. Lizarraga's statements. The driver, juvenile Luis Gustavo Armenta, age 17 at the time of the arrest, gave a diametrically opposite statement. Luis Armenta stated as to the events relevant to this case that he initially put his vehicle in reverse, and when he was unable to completely back up, he then put it in park. Lizarraga then put the vehicle back in drive and pushed on Armenta's foot. Armenta stated that he drove the car to the side because he did not want to hit the agent. Armenta's statement put the blame for the events preceding the shooting entirely on Lizarraga. The government does not seek the admission of the statement of the juvenile, Armenta,

but only the statement of Lizarraga.[1] In deposition testimony and reports in this case, Border Patrol Agents have averred that Lizarraga attempted to escape from arrest by running from the vehicle and had to be restrained. Lizarraga stated in substance that at the scene of the shooting, he got out of the vehicle and put his hands behind his back, in order to be arrested by agents.

## I.
## The Proposed Statement is Hearsay

Lizarraga's statement is hearsay. Plaintiff moves to exclude any out of court statement of Lizarraga as hearsay, not within any exception to the rule. The post-arrest statement made by declarant Lizarraga is being introduced into evidence to prove the truth of the matter asserted in the statement i.e. for a purely hearsay purpose. With respect to the relevant portion concerning the events surrounding the shooting, it is not admissible as a declaration against penal interest because with respect of those events, Lizarraga portrayed himself as innocent of any wrongdoing and attempted to cast blame for any impropriety on the juvenile, who was driving the car. Luis Armenta, the 17-year-old driver stated post-arrest that it was Lizarraga who attempted to cause the car to begin to leave the area. The statement, moreover, does not qualify under any other exception to the hearsay rule, including Rule 807 of the Federal Rules of Evidence (the residual hearsay exception) because the statement is not supported by sufficient guarantees of trustworthiness in that it is entirely contradicted by the statement of the driver and contains a deliberate lie by Lizarraga in which Lizarraga claimed to have peacefully gotten out of the Kia Sorrento and placed his hands behind his back to be handcuffed. This claim will be contradicted by testimony at trial that Lizarraga attempted to flee and resisted arrest.

/ / /

/ / /

---

[1] Photographs of the adult Leocadio Lizarraga-Cazares and the juvenile Luis Gustavo Armento are attached as Exhibits A and B, respectively.

## II.
### The Statement is Not Admissible as a Declaration against Interest

Rule 804(b)(3) provides in relevant part as follows:

Statement Against Interest. A statement that:

(A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability…

Lizarraga's statement includes admissions that he guided persons into the United States who had no immigration documents and therefore committed a crime. Given that the material witnesses, in fact, identified him as the guide, this could be perceived not as a statement against his interest, but an attempt to mitigate punishment. The only portion of the statement that is directly relevant to a disputed issue in this case, however, is not a statement that submitted Lizarraga to penal or pecuniary consequences, but one by which he attempted to evade responsibility of any kind by placing all the blame on the 17-year-old he was directing for the events immediately preceding the shooting. It does not qualify as a statement against penal interest.

Although the plaintiff is not aware of what efforts, if any, the government has made to secure the presence at trial of Lizarraga, it appears that he was deported by the United States after giving his statement.

Plaintiff does not suggest that the government acted in any wrongful way in deporting Lizarraga. As the Supreme Court in *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982) stated, the government has an obligation to faithfully execute the immigration policy of the country. However, if the execution of that policy results in prejudice of a plausible nature to the defendant in a criminal case that defendant is entitled to sanctions upon the appropriate factual showing. In this case, a civil case, it cannot be disputed that the government by deporting Mr.

- 3

Lizarraga has made him unavailable as a witness. Plaintiff submits if the witness were available for cross examination it could be demonstrated that Lizarraga's statement is materially false in multiple aspects. It is inconsistent with the statements of Armenta and the material witnesses. Plaintiff will be unable to cross-examine the witness because of the witness' absence from the United States.

**III.**

**Lizarraga's Statement Does Not Qualify Under the Residual Exception of the Federal Rule of Evidence 807.**

Rule 807 of the Federal Rules of Evidence provides in relevant part as follows:

> **(a) In General.** Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
> **(b) Notice.** The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name— so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

Lizarraga's statement is not supported by sufficient guarantees of trustworthiness. It is contradicted in relevant part by the post-arrest statement of the juvenile driver, Luis Gustavo Armenta. It was made as a post-arrest statement to a Border Patrol Agent in the context of investigation of the shooting, as well as the underlying immigration offense. There has been no showing as to what

statements were made to Lizarraga, what inducements, if any, were offered before the recorded statement was made. It is an entirely self-serving and self-protective statement which seeks to extricate him from any responsibility for his post-stop conduct, including headlong attempt to escape from the Kia Sorrento.

For the forgoing reasons, Plaintiff respectfully requests that the court exclude the out of court declaration of Leocadio Lizarraga-Cazares.

Respectfully submitted,

**IREDALE & YOO, APC**

DATED: July 29, 2026

*s/ Eugene Iredale*

EUGENE IREDALE
Attorney for Plaintiff